IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LEWIS,

      Plaintiff,                                    No. CIV S-09-1554 FCD KJM PS

     vs.

SACRAMENTO COUNTY SHERIFF'S DEPT., et al.,

      Defendants.                   <u>ORDER</u>

/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil

1 Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
2 in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3        It appears that plaintiff is attempting to bring a constitutional challenge to actions
4 which were taken during a criminal prosecution of plaintiff on drug charges.  Such claims are
5 subject to dismissal.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (if the success of a
6 section 1983 claim would imply the invalidity of a conviction or sentence, a plaintiff must show
7 that the conviction or sentence already has been invalidated).  Heck has been interpreted to apply
8 to pending charges, Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000), and also to
9 state tort claims.  See Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1406, 1409-10
10 (2002).  The court in Harvey also applied Heck to illegal search and seizure claims, holding that
11 "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are
12 based does not accrue until the criminal charges have been dismissed or the conviction has been
13 overturned."  Harvey, 210 F.3d at 1015.  Thus, even factually sufficient claims of false arrest,
14 false imprisonment, and illegal search by plaintiff would not be presently cognizable.  To
15 proceed on his present claims, plaintiff must show that any state charges against him arising
16 from the facts relevant to this case have been dismissed or otherwise invalidated, or that any
17 conviction on those charges has been invalidated.

18        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.
26 /////

1     In accordance with the above, IT IS HEREBY ORDERED that:

2     1.  Plaintiff's request to proceed in forma pauperis is granted;

3     2.  Plaintiff's complaint is dismissed; and

4     3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 24, 2009.

_____
U.S. MAGISTRATE JUDGE

006
lewis.ifp-lta

4